**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

In re:

| | |
|---|---|
| Chianti L. Wood,<br>Debtor. | Case No. 21-70555-FJS<br>Chapter 7 |

**MOTION FOR ENTRY OF ORDER DISMISSING CASE**
**UNDER 11 U.S.C. §§ 707(a) and 105(a) AND ENJOINING DEBTOR FROM**
**FILING ANOTHER CASE FOR 180 DAYS**

John P. Fitzgerald, III, Acting U. S. Trustee for Region Four, by counsel, moves this Court to dismiss this case pursuant to 11 U.S.C. §§ 707(a) and 105(a) and to impose a bar to refiling for 180 days. In support of his motion, the Acting U.S. Trustee states:

1.  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the Order of Reference of the U.S. District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court under 28 U.S.C. § 1408 and 1409.

2.  The statutory predicates for relief are 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 105(a), 307, and 707(a); Rules 1017(f) and 9014 of the Federal Rules of Bankruptcy Procedure govern.

3.  On March 16, 2021 the debtor filed, *pro se,* a voluntary petition under chapter 7. The debtor did not file the schedules and statements[1] due by March 30, 2021. The Court has scheduled a hearing for April 27, 2021, directing the debtor to appear and explain why the case

---

[1] These are the missing documents:
   All Schedules and Statement of Financial Affairs
   Summary of Your Assets and Liabilities and Certain Statistical Information
   Chapter 7 Statement of Your Current Monthly Income
   Declaration About an Individual Debtor's Schedules
The Statement of Intention is due on April 15, 2021. A hearing on that deficiency, if not cured, is scheduled for April 27, 2021.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq. VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

should not be dismissed for her failure to timely file schedules and statements in accordance with Local Bankruptcy Rule 1007−1.

4. The debtor has filed three previous *pro se* chapter 7 bankruptcy petitions in the Eastern District of Virginia, Norfolk Division:

    a. Case No. 20-70578-SCS; filed February 19, 2020; dismissed July 24, 2020 for failure to notice the rescheduled meeting of creditors set after hearing on Order Setting Hearing for debtor's failure to attend meeting of creditors; and

    b. Case No. 20-72310-FJS; filed August 14, 2020; dismissed October 1, 2020 for failure to appear at hearing on deficiency issued for failure to cure Social Security Deficiency; and

    c. Case No. 20-72337-SCS; filed August 18, 2020; dismissed August 25, 2020 pursuant to Order Dismissing Case in which Court found that debtor cannot be a debtor in two separate, simultaneously-pending bankruptcy cases and ruled that the dismissal of the case did not impact debtor's ability to be a debtor in Case No. 20-72310-FJS.

5. On the petition in the current case, the debtor did not disclose her three prior filings, listed above. In responding to the question, "Have you filed for bankruptcy within the last eight years," she listed the following:

> 9. Have you filed for bankruptcy within the last 8 years?
> ☑ No
> ☐ Yes. District _____ When __/__/____ Case number _____
> District _____ When __/__/____ Case number _____
> District _____ When __/__/____ Case number _____

6. In thirteen months, the debtor has filed four *pro se* chapter 7 petitions. She has failed to fulfill her duties as a debtor in all four cases.[2] "Cause" exists to warrant dismissal. 11 U.S.C. § 707(a) provides that, upon the request of a party in interest or the United States Trustee, after notice and hearing, the court may dismiss a chapter 7 case filed by an individual debtor "for cause." The Code does not define "cause." The examples enumerated in 11 U.S.C. § 707(a) are

---

[2] As mentioned in c. above, Case No. 20-72337-SCS was dismissed within a week of filing because Ms. Wood was already a debtor in a pending case.

2

not exclusive. However, 11 U.S.C. § 707(a)(1) identifies "unreasonable delay by the debtor that is prejudicial to creditors" as cause.

7. Under § 707(a), a debtor's bad faith acts or omissions may, in the totality of the circumstances, constitute cause for dismissal. *McDow v. Smith*, 295 B.R. 69, 75 (E.D. Va. 2003). The decision to dismiss a case for "cause" falls within the discretion of this Court and will be reversed only if the "exercised discretion has been abused." *In re McCullough*, 229 B.R. 374, 376 (E.D. Va. 1999).

8. The debtor's failure to file the required documents in this case, coupled with the false statement on the petition about her prior filings and her filing history, suggest a lack of respect for this Court and the bankruptcy process. The dismissal of the debtor's case is necessary to prevent abuse of the bankruptcy process.

9. Pursuant to section 105(a), the bankruptcy court has authority under its inherent powers to enjoin a debtor from refiling another case. *In re Jolly* 143 B.R. 383, 388 (E.D.Va. 1992) *aff'd*, 45 F.3d 426 (4th Cir. 1994); *In re Weaver*, 222 B.R. 521, 522-23 (Bankr. E.D.Va. 1998) (citations omitted). Enjoining a debtor from refiling another case is an appropriate sanction to combat serial filings and abuse to the bankruptcy process. *Weaver,* 222 B.R. at 524; *In re Robertson*, 206 B.R. 826 (Bankr. E.D.Va. 1996)(imposing a bar on refiling for a period of 417 days after finding the debtor to be a serial filer).

WHEREFORE, the Acting United States Trustee requests that this case be dismissed with prejudice, and that the Court bar the debtor from filing any case, under any chapter of the United States Bankruptcy Code, in any jurisdiction of the United States for 180 days and grant further relief as the Court may find appropriate and just.

Respectfully submitted,

John P. Fitzgerald, III
ACTING UNITED STATES TRUSTEE
REGION FOUR

By:    /s/ Cecelia Ann Weschler
       Kenneth N. Whitehurst, III
       Assistant U.S. Trustee

       Cecelia Ann Weschler
       Trial Attorney

**CERTIFICATE OF SERVICE**

      I certify that on the 5th day of April 2021, a copy of the Motion was mailed to the *pro se* debtor, Chianti L. Wood, 6 Hobson Street, Portsmouth, VA  23704, by regular first class, United States mail, postage prepaid, and service on all attorney Users in the case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.

                                                                                             /s/ Cecelia Ann Weschler